UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. RUBANG, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | No. 2:19-cv-0154 MCE DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Gonzalo Rubang Jr., is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 4.) Therein, plaintiff complains about plaintiff's defective vehicle.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without further leave to amend.

////

////

1

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.  Plaintiff's Amended Complaint

Here, plaintiff's amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the amended complaint alleges that the defendant is "careless to" plaintiff's safety because it is "not interested to discuss engine defects of [plaintiff's] car." (Am. Compl. (ECF No. 4) at 5.) The amended complaint asserts that defendant is "charged" with "unfair business practice for the reason not even interested to have joint discussions with Hyundai Motor America to talk to avoid highway disaster." (Id. at 5.) The amended complaint, however, does not identify a claim or allege why the defendant has any responsibility to address the mechanical issues found in plaintiff's vehicle.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

////

Plaintiff may be attempting to allege a claim pursuant to California's Unfair Competition Law. California's Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. § 17200 incorporates other laws and treats a violation of those laws as an unlawful business practice independently actionable under California state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). "In order to state a claim for a violation of [§ 17200], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." Levine v. Blue Shield of California, 189 Cal.App.4th 1117, 1136 (2010).

However, "[t]o state a claim for an 'unlawful' business practice under the UCL, a plaintiff must assert the violation of some other law." Welenco, Inc. v. Corbell, 126 F.Supp.3d 1154, 1178 (E.D. Cal. 2015); see also Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1190 (N.D. Cal. 2009) ("[S]ince the court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL."). Here, the amended complaint fails to allege a violation of any law.

### III. Leave to Amend

For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim over which the court would have jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the deficiencies noted above and plaintiff's inability to successfully amend the complaint, the undersigned finds that granting plaintiff further leave to amend would be futile.

### CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 25, 2019 application to proceed in forma pauperis (ECF No. 2) be denied;

4

| | |
|---|---|
| 1 |      2.  Plaintiff's October 17, 2019 amended complaint (ECF No. 4) be dismissed without |
| 2 | further leave to amend; and |
| 3 |      3.  This action be closed. |
| 4 | These findings and recommendations will be submitted to the United States District Judge |
| 5 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after |
| 6 | being served with these findings and recommendations, plaintiff may file written objections with |
| 7 | the court.  A document containing objections should be titled "Objections to Magistrate Judge's |
| 8 | Findings and Recommendations."  Plaintiff is advised that failure to file objections within the |
| 9 | specified time may, under certain circumstances, waive the right to appeal the District Court's |
| 10 | order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |
| 11 | Dated:  April 9, 2020 |

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/rubang0154.dism.f&rs